# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY SCOTT WAGNER,

        Petitioner,    :    Case No. 3:22-cv-369

 - vs -                            District Judge Michael J. Newman
                                      Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Gregory Wagner to obtain relief from his convictions in the Common Pleas Court of Miami County, Ohio (Petition, ECF No. 4). The case is ripe for decision on the Petition, the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Reply (ECF No. 10).  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload in the District (ECF No. 11).

**Litigation History**

On October 30, 2017, a Miami County grand jury indicted Wagner on one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(5)(Indictment, State Court Record, ECF No. 8, Ex. 1).  About nine months later on July 20, 2018, a different Miami County

1

grand jury indicted him on six counts of illegal use of a minor in nudity-oriented material in violation of Ohio Revised Code § 2907.0323(A)(1). *Id.* at Ex. 2.

Wagner was not served with the warrants until January 2020 when he was released from prison on a conviction from the Auglaize County Court of Common Pleas. On February 7, 2020, through counsel, he pleaded not guilty by reason of insanity and moved for a competency evaluation. *Id.* at Exs. 3, 4. On March 19, 2020, the trial court found him competent to stand trial. *Id.* at Exs. 7 and 8.

On March 17, 2020, Wagner moved through counsel to dismiss the charges for violation of the speedy trial provisions of the Ohio Constitution and the enforcing statute, Ohio Revised Code § 2945.71. On April 24, 2020, the trial court denied the motion to dismiss. *Id.* at Ex. 11. On May 4, 2020, Wagner pleaded no contest to all counts in both indictments. *Id.* at Exs. 12, 13. He was then sentenced to an aggregate prison term of eight years and five months. *Id.* at Exs. 15, 16.

Wagner timely appealed to the Ohio Second District Court of Appeals which affirmed the conviction and sentence. *State v. Wagner*, 2021-Ohio-1671 (Ohio App. 2d Dist. May 14, 2021)(copy at State Court Record, ECF No. 8, Ex. 28). The Supreme Court of Ohio declined jurisdiction over a further appeal. *State v. Wagner,* 164 Ohio St. 3d 1431 (2021).

Wagner then filed his Petition for Writ of Habeas Corpus in this Court, pleading one ground for relief:

> **Ground One:** The time limits of United States Constitution and rules were violated in my case, causing prejudice.
>
> **Supporting Facts:** While incarcerated for unrelated issues, I was indicted and a warrant issued, but the State never informed me of the charges or indictments and waited two and one-half years to serve me of [on] the date of my release from prison (on unrelated charges) even though they knew where I was and during the time

> the Plaintiff [sic] in the sex imposition [case][1] dies causing prejudice.

(Petition, ECF No. 4, PageID 56).

# Analysis

**Statute of Limitations Defense**

In 1996 Congress, in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), adopted a one-year statute of limitations for habeas corpus cases arising out of state court convictions. That statute is codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The complaining witness in the gross sexual imposition case was the Petitioner's stepmother as he pleads in Petition, ECF No. 4, PageID 57.

3

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent asserts the Petition was filed outside the one-year time limit and should be dismissed on that basis. The Warden's counsel calculates the time when the conviction became final on direct review as follows: The Ohio Supreme Court declined jurisdiction September 14, 2021 (Entry, State Court Record, ECF No. 8, Ex. 31). Petitioner had ninety days from that date to seek a writ of certiorari from the United States Supreme Court. He did not do so and the ninety-day period expired December 13, 2021. The statute then began to run, expiring one year later on December 13, 2022.

On December 15, 2022, Petitioner delivered to the Clerk a Motion for Leave to Proceed *in forma pauperis* with the Petition attached (ECF No. 1). This filing was delivered through the United States Postal Service and bears a postmark of December 12, 2022. Although filing usually is complete only upon receipt by the Clerk, for incarcerated persons filing is complete upon deposit in the prison mailing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Although we have no direct evidence of when Petitioner deposited the Petition with prison officials, it must have occurred at some time before the postmark was applied. Therefore the filing was timely and Respondent's statute of limitations defense should be overruled.

**Procedural Default Defense**

Under the caption "Exhaustion, Fair Presentation, and Waiver," Respondent argues Petitioner has procedurally defaulted by not fairly presenting his Ground for Relief to the state courts.

4

Petitioner's single ground for relief in this Court makes the claim that he was not brought to trial within the time allowed by Speedy Trial Clause of the Sixth Amendment to the United States Constitution. However, his claim in his trial court motion to dismiss for lack of speedy trial was that he had not been brought to trial within the time allowed by Ohio law, particularly Ohio Revised Code § 2945.71(C) and Article 1 of the Ohio Constitution (Motion to Dismiss, State Court Record, ECF No. 8, Ex. 9, PageID 113).

Although the Sixth Amendment and the Ohio Speedy Trial Act both protect the same interests of a criminal defendant in speedy adjudication, they take different approaches. The United States Supreme Court has developed a four-part balancing test to use in determining whether a defendant's Sixth Amendment[2] right to a speedy trial has been violated; a court must weigh (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). In contrast, the Ohio statute has a rigid 270-day limit with each day of pre-trial incarceration counting as three. Charges against a person not tried within that period must be dismissed with prejudice.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be presented at the first opportunity a petitioner has to present it to a court that has authority to decide it. *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994), The claim must be

---

[2] In *Klopfer v. North Carolina,* 386 U.S. 213 (1967), the Court held thatd the Fourteenth Amendment "incorporates" the speedy trial provisions of the Sixth Amendment.

fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).

Wagner did not fairly present his federal constitutional speedy trial claim to the Common Pleas Court. He did not mention the Sixth Amendment or cite any federal cases or state cases relying on federal law. Respondent asserts this means Wagner procedurally defaulted his federal speedy trial claim.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule that its appellate courts will consider only claims first made in the trial court. *State v. Murphy*, 91 Ohio St. 3d 516 (2001). However that rule was not enforced against Petitioner in this case. As his first assignment of error on direct appeal, Wagner claimed a violation of the speedy trial provisions of both Ohio law and the Sixth Amendment (Brief, State Court Record, ECF No. 78, Ex. 20, PageID 170).

The Second District, recognizing that different standards applied, decided both Wagner's Ohio and his Sixth Amendment speedy trial claims on the merits. *Wagner, supra,* at ¶¶ 9-30. Because the Second District did not enforce the scope of appellate review limitation against Wagner, Respondent's procedural default defense fails on the second prong of the *Maupin* test and

7

should be overruled.

**Merits**

As noted above, the United States Supreme Court has developed a four-part balancing test to use in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated; a court must weigh (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The relevant state court decision in this case is the Second District's because the Ohio Supreme Court declined jurisdiction without opinion. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). The issue, then, is whether the Second District's decision is an unreasonable application of *Barker*.

Regarding Wagner's Sixth Amendment right, the Second District held "the particular protections of the speedy trial provision of the Sixth Amendment" are triggered "either [by] a formal indictment or information," or by the imposition of "actual restraints" once an accused is

arrested and held "to answer a criminal charge." *Wagner, supra,* at ¶ 23, quoting *United States v. Marion*, 404 U.S. 307, 320 (1971). It affirmed the trial court's finding of fact "that Wagner was arrested for purposes of R.C. 2945.71(C) in Miami County Case Nos. 2017-CR-525 and 2018-CR-406 [the two cases resulting in the convictions challenged here] on the dates on which the corresponding indictments were issued, because on those dates Wagner was incarcerated in connection with the unrelated charges against him in Auglaize County Case No. 2017-CR-95." *Id.* This was not an unreasonable determination of fact, especially since Wagner presented no evidence that he was arrested on any charges on his claimed date of March 29, 2017. Given those dates for commencement of speedy trial requirements, the delay was presumptively prejudicial under *Barker* as the Second District found. *Wagner, supra*, at ¶ 25.

On the second *Barker* factor – the reasons for the delay – the Second District found the delay from October 25, 2017, to March 19, 2018, was attributable to Wagner's incompetence to stand trial. *Wagner, supra,* at ¶ 27. Wagner does not contest that finding or the underlying findings that he lacked competency to be tried on the date of his commitment or that he had been restored to competency as of March, 2018. Obviously a person cannot be tried during a period when he or she is mentally incompetent for that purpose.

Also on the second *Barker* factor, the Second District found delay was caused by Wagner's failure as an incarcerated person to demand trial under Ohio Revised Code § 2941.401. Wagner does not claim he ever made such a demand, but asserts his failure to do so was excused by the State's failure to notify him of the pending indictments. The Second District found the State had no duty to notify him of those indictments, but also found the State did not exercise the required diligence under Ohio Revised Code § 2945.72(A) to secure Wagner's availability for trial in Miami County. *Wagner, supra*, at ¶ 27-28.

Regarding the third *Barker* factor – a defendant's assertion of his rights to speedy trial – the Second District held Wagner's forty-six day delay in raising the issue should count against him *Wagner, supra,* at ¶ 29. Since he had counsel during this period, this is not an unreasonable conclusion.

The final *Barker* factor is whether the delay prejudiced the Defendant. The Second District analyzed this factor as follows:

> {¶ 30} Regarding the fourth *Barker* factor, Wagner claims that he "was substantially prejudiced by the delay[s] in bring[ing] his case[s] to trial." *Id.*; Appellant's Brief 14. Before the trial court, however, Wagner presented no evidence to show that he was prejudiced by the delays, and apart from indicating that he predicated his motions to dismiss on alleged violations of his constitutional right to speedy trials, he offered no argument or analysis directed to any of the *Barker* factors. In his brief, Wagner maintains that the memories of "[a]ny witnesses [who] could testify on [his] behalf" would "necessarily have * * * fade[d]," including his own memory, but the mere prospect of faded memories is insufficient to establish that he was prejudiced. *Id.* Similarly, Wagner argues that he was prejudiced by " 'the disruption caused by [the] unresolved charges,' " yet to illustrate the purported "disruption," he simply refers again to the unsubstantiated possibility that the delays adversely affected his ability to defend himself. *See id.* at 14-15. In the absence of any evidence that Wagner was prejudiced by the delays, we hold that the trial court did not err by determining that the State did not violate Wagner's constitutional right to speedy trials in Case Nos. 2017-CR-525 and 2018-CR-406. Wagner's first assignment of error is overruled.

*Wagner, supra*. Wagner has not shown this is an unreasonable application of *Barker*.

First of all, the Second District pointed to the factual weakness of his claim of prejudice. If Wagner had additional facts to be offered in support of this claim that did not already appear in the record, he could have presented them by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21 which is the method Ohio law recognizes for presenting facts relevant to a claim of unconstitutional conviction that were not available on direct appeal. See *State v.*

10

*Murnahan*, 63 Ohio St. 3d 60 (1992). No such petition was ever filed in this case.

Secondly, based on the facts before the Second District, their conclusion that prejudice was not shown is plainly reasonable. Who are the witnesses who had become unavailable or whose memories had faded? Wagner identified none of them in his motion to dismiss in the trial court nor from the record on appeal. His argument about missing or memory-faded witnesses is purely conclusory. He did not even attach an affidavit in the trial court about his own memory.

In this Court Wagner avers that the victim in the gross sexual imposition case was his stepmother[3] and that she died before the trial. These two asserted facts were not before the Ohio courts and cannot be added to the record in habeas. *Cullen v. Pinholster,* 563 U.S. 170 (2011). More importantly, it is difficult to see how the death of a complaining witness and her consequent unavailability to testify would be prejudicial to a criminal defendant. Wagner does not here and did not in the Ohio courts make any assertion about how the complaining witness would have testified that would have rebutted or excused his conduct.

Wagner complains generally that he should not have to prove prejudice. Rather, he says, the State should have to prove the absence of prejudice. Reply, ECF No. 10, PageID 430. But the Second District held the State had done so and its conclusion to that effect is not unreasonable.

While we do not know why the State failed to notify Wagner of the pending indictments, we also know that he did not have the right to be at liberty during the delay because he was incarcerated on a conviction out of Auglaize County that was not effectively challenged. Thus he did not suffer "undue and oppressive incarceration prior to trial"[4] on these charges.

---

[3] He identifies her as the "plaintiff," but complaining witnesses or victims are not parties to a criminal case.
[4] Identified as a principal evil against which the requirement of a speedy trial prevents. *Smith v. Hooey*, 393 U.S. 374 (1969).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice on the merits. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 16, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

> s/ *Michael R. Merz*
> United States Magistrate Judge